IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA RAE PAYNE,            )
                             )
        Plaintiff,           )    No. 6:16-cv-2207-TC
                             )
        v.                   )    ORDER
                             )
Commissioner of Social Security, )
                             )
        Defendant.           )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for a period of disability, disability insurance benefits and supplemental security income benefits.

The ALJ found that plaintiff had the following severe impairments: degenerative disc disease, carpal tunnel syndrome , osteoarthritis, and a history of recurring gastritis and urinary tract infections. TR. 14.

1 - ORDER

At Step Four of the Disability Analysis, the ALJ found that plaintiff could perform her past relevant work as a sales person as it was generally performed in the national economy. As a predicate to the Step Four finding, the ALJ determined plaintiff had the Residual Functional Capacity (RFC) to perform a reduced range of light work, including the restriction that, due to occasional symptoms of urinary incontinence, plaintiff required "close, ready access to a restroom at all times." TR. 15.

Plaintiff contends that the ALJ erred in his Step Four analysis, and in assessing the medical opinions and plaintiff's testimony.

I. <u>The ALJ's Step Four Finding Is Not Contrary to Law And Is Supported by Substantial Evidence</u>

A plaintiff has the burden of showing they can no longer perform their past relevant work - if they are able to perform their past relevant work, they are not disabled. <u>Barnharrt v. Thomas</u>, 540 U.S. 20, 25 (2003).

The ALJ made a reasonable translation of the medical evidence regarding plaintiff's symptoms from urinary incontinence and put it into a concrete functional limitation. <u>See</u> , <u>Rounds v. Commissioner</u> , 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succint RFC"). The ALJ compared the RFC finding to plaintiff's past work as a sales clerk and determined plaintiff

2 - ORDER

could perform that work "as generally performed, according to the Dictionary of Occupational Titles [DOT]." Tr. 19.

In addition to the ALJ's application of the DOT, the Vocational Expert also testified an individual with plaintiff's RFC could perform sales work. Tr. 53. The ALJ did not need to and did not rely on this testimony that supports the ALJ's finding. VE testimony at Step Four is "useful, but not required." Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). The ALJ's own comparison of the plaintiff's ability with the description of the sales clerk job in the DOT is enough. See, Pinto v. Commissioner, 249 F.3d 840, 845 (9th Cir. 2001) ("the best source for how a job is generally performed is usually the DOT").

The VE also provided subsequent, additional testimony in response to questions from plaintiff's attorney. Plaintiff attempts to use this additional, unnecessary testimony to argue that the ALJ's Step Four finding was in conflict with the VE's additional testimony regarding plaintiff's bladder symptoms. However, defendant persuasively argues that plaintiff's argument is based on functional limitations that were not present in the appropriate RFC that the ALJ found. Plaintiff contends that the ALJ's "failure to acknowledge ... or provide an adequate explanation to reconcile this testimony and the RFC precludes judicial review as to whether the ALJ's Step Four denial is based upon substantial evidence." P. 8 of Plaintiff's Memo. Plaintiff

3 - ORDER

cites no authority suggesting an ALJ must discuss vocational expert testimony regarding restrictions not included in the RFC finding and no such authority exists.

Plaintiff also states that "the description of the plaintiff's past relevant work as generally performed in the DOT is facially inconsistent with the RFC." P. 7 of Plaintiff's Memo. However, plaintiff does not actually explain how the RFC finding was facially inconsistent with the DOT's description of the sales person work and the Commissioner asserts no such conflict exists. Plaintiff did not file an optional Reply brief. Plaintiff has not shown how the ALJ erred in his comparison of plaintiff's ability with the requirements of the sales person job.

The ALJ's findings were not contrary to law and substantial evidence supported the ALJ's finding that plaintiff could perform her past relevant work.

II. The ALJ Did Not Err in the Evaluation of Opinion Evidence

Plaintiff argues that "[d]espite purporting to give dispositive weight to the physical capacity evaluation opinion, the ALJ's RFC does not incorporate the 15 pound lifting restriction and does not explain why." P. 12 of Plaintiff Memo. Plaintiff is incorrect. The ALJ did not give dispositive weight to this assessment, but instead gave it "partial weight," " crediting it only to the extent that it supported a limitation to light work."

4 - ORDER

Tr. 18. The functional limitation in the assessment, including the limitation to 15 pounds lifting, is only slightly less than the 20 pound lifting requirement for light level work included in the RFC finding. Although partial weight was afforded this assessment because it was close to the ALJ's RFC finding, the specific restrictions contained in the physical capacity assessment were rejected because of plaintiff's non-credible pain behavior. The ALJ's reasons to reject that part of the opinion of the evaluating therapist were adequate in that the reasons were specific and germane.

Plaintiff also asserts that the ALJ erred in the evaluation of the opinion of plaintiff's treating physician, Dr. Wang. The ALJ discussed and gave little weight to his opinion and gave more weight to the opinions of examining and non-examining physicians finding that plaintiff could perform at a light level of exertion. Tr. 17-19.

The opinions of a treating physician are entitled to greater weight than an examining physician, and an opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician. Ryan v. Commissioner, 157 F.3d 1194, 1198 (9th Cir. 2008).

If a treating or examining doctor's opinion is contradicted by another doctors's opinion, the ALJ may only reject it by providing specific and legitimate reasons that are supported by

5 - ORDER

substantial evidence. Lester v. Charter, 81 F.3d 821 (9th Cir. 1995).

Defendant persuasively argues that the reasons provided by the ALJ to discount plaintiff Wang's opinion were specific and legitimate reasons and supported by substantial evidence. The ALJ provided several independent reasons such as internal inconsistencies in Dr. Wang's materials, conflicts between the opinion and plaintiff's activities of daily living, and that the opinion was not supported by the medical evidence. Among the examples given by the ALJ for the latter reason, the ALJ cited Dr. Lewis' 2013 consultative examination which revealed a "fairly benign" physical examination and a number of positive Waddell's signs[1]. Tr. 17, Tr. 771-772. This evidence contradicted Dr. Wang's opinion and provided a specific and legitimate basis for rejecting his conclusions.

Although plaintiff argues the record was consistent with Dr. Wang's opinion, plaintiff, at most, presents a contrary interpretation of the record that is not sufficient to rebut the ALJ's reasonable conclusions. See, Rollins v. Massinari, 261 F.3d 853, 857 (9th Cir. 2001)(so long as the ALJ presents a reasonable interpretation that is supported by substantial

---

[1] "Physicians use Wadell tests to detect nonorganic sources, such as psychological conditions or malingering, for lower back pain." Reinertson v. Barnhart, 127 Fed. Appx. 285, 289 (9th Cir. 2005)

evidence, a court may not "second guess" it).

The ALJ did provided specific and legitimate reasons based on substantial evidence to discount the opinion of Dr. Wang.

III. The ALJ Did Not Err in Assessing Plaintiff's Testimony

The ALJ found plaintiff's subjective statements were not credible. Tr. 16. Rejection of plaintiff's testimony generally requires clear and convincing reasons in absence of evidence of malingering. Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ offered several, independent clear and convincing reasons for finding plaintiff not credible, including that the medical record did not establish a disabling level of impairment, and that the positive Waddell's signs found in Dr. Lewis examination suggested a "non-organic" component to plaintiff's pain complaints. Tr. 17. Plaintiff did not challenge these reasons and they are sufficient to uphold the ALJ's credibility findings.

Plaintiff does argue that the ALJ erred in his credibility assessment by failing to consider plaintiff's "exemplary work history." This argument is insufficient to rebut the ALJ's credibility determination in the circumstances of this case. Even assuming the ALJ erred as plaintiff suggests, the unchallenged independent reasons mentioned above make any such error harmless. See, Batson v. Commissioner, 359 F.3d 1190, 1197 (9th Cir. 2004).

7 - ORDER

The ALJ gave clear and convincing reasons for rejecting plaintiff's testimony that were as based on substantial evidence.

## CONCLUSION

The decision of the Commissioner is affirmed and this action is dismissed.

DATED this 13<sup>T</sup> day of November, 2017.

_____
THOMAS M. COFFIN
United States Magistrate Judge